**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>   Plaintiff<br><br>v.<br><br>AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION, et al.,<br><br>   Defendants | Case No.: 2:16-cv-02761-APG-BNW<br><br>**Order (1) Granting the Defendants' Motions to Dismiss and for Summary Judgment and (2) Denying the Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 27, 31, 32, 33] |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust still encumbers property located at 6566 Brooklyn Heights Street in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Auburn and Bradford at Providence Homeowners' Association (Auburn). Bank of America seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Auburn and Auburn's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Defendant Vern Elmer (Elmer) purchased the property at the HOA sale.

Auburn moves to dismiss and for summary judgment, arguing that the damages claims against it are time-barred. Elmer moves for summary judgment, arguing (among other things) that Bank of America's declaratory relief claim is time-barred.

Bank of America responds and moves for summary judgment, arguing that either its claims are timely or equitable tolling should apply. Bank of America also contends that it tendered the superpriority amount, so the HOA sale did not extinguish the deed of trust. The bank concedes that if it prevails on its declaratory relief claim, then its damages claims are moot.

Each of Bank of America's claims is governed by a limitation period of four years or less. *See Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018) (three or four years for wrongful foreclosure depending on whether it is based on statutory violations or a tort); *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018) (four-year catchall for the declaratory relief claim); Nev. Rev. Stat. § 11.190(3)(a) (three years for alleged breach of statutory duty for bad faith claim under Nevada Revised Statutes § 116.1113).[1]  The HOA sale took place on September 7, 2012, and the deed upon sale was recorded on September 12, 2012. ECF No. 32-9.  Bank of America filed suit more than four years later on December 2, 2016. ECF No. 1.  Thus, Bank of America's claims are time-barred.

Bank of America contends that the limitation period should be equitably tolled because it did not realize it had a claim until the Supreme Court of Nevada issued its decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc).  "Equitable tolling operates to suspend the running of a statute of limitations when the only bar to a timely filed claim is a procedural technicality." *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011).  Equitable tolling "is appropriate only when the danger of prejudice to the defendant is absent and the interests of justice so require." *Id.* (quotation omitted). Nonexclusive factors to consider when determining whether it would be just to employ equitable tolling include: "the claimant's diligence, the claimant's knowledge of the relevant facts, the

---

[1] I have previously rejected arguments similar to the ones Bank of America makes regarding *City of Fernley v. State, Dep't of Tax*, 366 P.3d 699 (Nev. 2016) (en banc), *Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 401 P.3d 1068 (Nev. 2017) (en banc), and Nevada Revised Statutes § 106.240. *See Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortg. Pass-Through Certificates, Series 2006-OA16*, 329 F. Supp. 3d at 1227-29.

claimant's reliance on authoritative statements made by the administrative agency, and whether these statements misled the claimant." *Id.* at 672.

There is no basis to equitably toll the limitation period. Bank of America knew everything it needed to know to bring its claims well before the limitation period expired. By its own allegations and evidence, Bank of America knew or at least suspected that its deed of trust was in jeopardy because it tendered the superpriority amount in an effort to preserve the deed of trust. It also knew that the HOA's foreclosure agent rejected that tender attempt. Bank of America was not diligent because, despite these facts, it waited more than four years to bring suit. There is no evidence that Bank of America was lulled into inaction by anyone's statements, actions, or inactions. I therefore decline to equitably toll the limitation period for any of Bank of America's claims.

Neither Elmer nor Auburn filed counterclaims. Thus, I rule only that Bank of America's claims for relief are untimely. The consequence is that Bank of America may not pursue its claims in a judicial action. But that does not result in cancellation of the deed of trust, nor does it preclude the possibility of Bank of America pursuing a nonjudicial foreclosure to which no statute of limitations applies. *See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 401 P.3d 1068, 1070-71 (Nev. 2017) (en banc).

I THEREFORE ORDER that defendant Auburn and Bradford at Providence Homeowners' Association's motion to dismiss and motion for summary judgment **(ECF Nos. 27, 33) are GRANTED**.

I FURTHER ORDER that defendant Vern Elmer's motion for summary judgment **(ECF No. 31) is GRANTED**.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 32) is DENIED**.

I FURTHER ORDER the clerk of court is instructed to enter judgment in favor of the defendants and against the plaintiff and to close this case.

DATED this 10th day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE