1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

BANK OF AMERICA, N.A.,

Case No.: 2:16-cv-02761-APG-BNW

4

Plaintiff

**Order Granting Plaintiff's Motion for Summary Judgment**

5

v.

[ECF No. 68]

6

7

AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS ASSOCIATION, et al.,

8

Defendants

9       This is a dispute over whether a foreclosure sale conducted by a homeowners' association

10   extinguished a deed of trust encumbering the property.  Plaintiff Bank of America, N.A. sued the

11   homeowners association (HOA); the HOA's foreclosure agent, defendant Nevada Association

12   Services, Inc. (NAS); and the person who purchased the property at the HOA foreclosure sale,

13   defendant Vern Elmer.  Bank of America settled its dispute with the HOA. ECF No. 71.  NAS

14   has not appeared in this case and Bank of America has not pursued its claims against NAS.  I

15   therefore order Bank of America to show cause why its claims against NAS should not be

16   dismissed for failure to prosecute.

17       The remaining active claim in the case is Bank of America's declaratory relief claim

18   against Elmer.  Bank of America seeks a declaration that the HOA foreclosure sale did not

19   extinguish the deed of trust.  I previously dismissed Bank of America's claim as untimely. ECF

20   No. 43.  After my decision, and while this matter was on appeal, the Supreme Court of Nevada

21   ruled that in a case like this one the limitation period does not begin to run "against a lienholder

22   until it has something closely analogous to notice of disturbed possession, such as repudiation of

23   the lien." *U.S. Bank, N.A. as Tr. For the Specialty Underwriting & Residential Fin. Tr. Mortg.*

*Loan Asset-Backed Certificates Series 2006-BC4 v. Thunder Props., Inc.*, 503 P.3d 299, 306 (Nev. 2022) (en banc) (simplified). Based on *Thunder Properties*, the Ninth Circuit reversed my ruling that Bank of America's claim was untimely and remanded for me to consider timeliness under the new guidance from the Supreme Court of Nevada. ECF No. 54. Following remand, I ordered the parties to file summary judgment briefs. ECF No. 65.

Bank of America moves for summary judgment, arguing that its claim is timely because Elmer took no action to repudiate the deed of trust that would have put Bank of America on notice of its claim before it filed suit in December 2016. On the merits, Bank of America contends its deed of trust was not extinguished because it tendered the superpriority amount prior to the HOA foreclosure sale, or, alternatively, tender was excused as futile.

In response, Elmer does not dispute the evidence Bank of America presents and offers no evidence on timeliness or the merits. Instead, he makes the legal argument that *Thunder Properties* should not apply retroactively because it announced a new rule of law, retroactive application will not further the decision's operation, and retroactive application produces inequitable results. He also argues that applying *Thunder Properties* retroactively "raises constitutional problems." ECF No. 69 at 1.

Bank of America replies that the Supreme Court of Nevada rejected this same argument when it denied rehearing in *Thunder Properties*. Bank of America also argues that *Thunder Properties* did not announce a new rule of law, it interpreted existing law.

I grant Bank of America's motion for summary judgment because there is no evidence that Bank of America's claim is untimely. Additionally, there is no dispute that Bank of America tendered the superpriority amount prior to the HOA foreclosure sale, thereby preserving the deed of trust.

**I.  ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A.  Timeliness**

Under *Thunder Properties*, the limitation period on Bank of America's claim is four years from the date that Bank of America had "notice of disturbed possession, such as repudiation of the lien." *Thunder Properties*, 503 P.3d at 306 (simplified).  Elmer bears the burden of proving the affirmative defense that Bank of America's claim is barred by the statute of limitations. *See Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1254 (Nev. 2014) (en banc) (party asserting an affirmative defense bears the burden of proving it); *Dozier v. State*, 178 P.3d 149, 152 (Nev. 2008) (en banc) (statute of limitations is an affirmative defense).

1   Bank of America thus has met its initial burden on summary judgment by pointing to a lack of

2   evidence that Elmer repudiated the deed of trust before Bank of America filed suit in 2016. *See*

3   *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the

4   burden of proof at trial, the moving party need only point out that there is an absence of evidence

5   to support the nonmoving party's case." (quotation omitted)).  Elmer presents no evidence to

6   raise a genuine issue on repudiation.  Consequently, Bank of America's claim is timely unless I

7   accept Elmer's argument that *Thunder Properties* should be applied only prospectively.

8        The question of whether a change in state law applies retroactively is governed by state

9   law. *La Rue v. McCarthy*, 833 F.2d 140, 142 (9th Cir. 1987); *see also Vazquez v. Jan-Pro*

10  *Franchising Int'l, Inc.*, 939 F.3d 1045, 1046 (9th Cir. 2019) (certifying to the California Supreme

11  Court the question of whether a California Supreme Court decision applied retroactively).  The

12  Supreme Court of Nevada rejected the retroactivity argument when it was raised on a petition for

13  rehearing in *Thunder Properties*. *See U.S. Bank N.A. v. Thunder Properties, Inc.*, Supreme Ct. of

14  Nev. Case No. 81129, Br. for SFR Invs. Pool 1, LLC as Amicus Curiae Supporting Resp't's Pet.

15  for R'hrg at 10-13 (Mar. 29, 2022) & Order Denying R'hrg (May 18, 2022).  The Ninth Circuit

16  has also rejected as "meritless" the argument that *Thunder Properties* "applies only

17  prospectively." *See SFR Invs. Pool 1, LLC v. Bank of Am., NA*, No. 22-16472, 2023 WL

18  8613498, at *1 n.1 (9th Cir. Dec. 13, 2023).  Accordingly, *Thunder Properties* governs in this

19  case.

20        Elmer makes a conclusory statement that applying *Thunder Properties* retroactively

21  raises constitutional concerns.  He does not identify under what constitution (state or federal) or

22  what constitutional concerns are at issue, and he cites no law in support.  I do not address this

23  unsupported argument. *See* LR 7-2(d).

4

1    There is no evidence that Elmer repudiated Bank of America's deed of trust at any time

2  before Bank of America filed this suit.  Consequently, Bank of America's declaratory relief

3  claim is timely.

4    **B.  Merits**

5    Bank of America has presented evidence that it tendered the superpriority amount prior to

6  the HOA foreclosure sale. *See* ECF Nos. 68-8; 68-11 at 7-8.  Elmer presents no evidence or

7  argument raising a genuine dispute on this point.  Under Nevada law, "a deed of trust beneficiary

8  can preserve its deed of trust by tendering the superpriority portion of the HOA's lien before the

9  foreclosure sale is held." *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 348

10  (Nev. 2020) (en banc) (citing *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116

11  (Nev. 2018) (en banc)).  Thus, I grant Bank of America's motion for summary judgment.

12  **II.  CONCLUSION**

13    I THEREFORE ORDER that by May 31, 2024, plaintiff Bank of America, N.A. shall

14  show cause, in writing, why its claims against defendant Nevada Association Services, Inc.

15  should not be dismissed for failure to prosecute.  Failure to respond to this order by that date will

16  result in dismissal of those claims with prejudice.

17    I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary

18  judgment **(ECF No. 68) is GRANTED**.  I declare that Bank of America, N.A.'s deed of trust

19  encumbering the property located at 6566 Brooklyn Heights Street, Las Vegas, Nevada 89166

20  was not extinguished by the homeowners association foreclosure sale that was conducted on

21  September 7, 2012.

22    DATED this 13th day of May, 2024.

23    _____
    ANDREW P. GORDON
    UNITED STATES DISTRICT JUDGE